246 P.2d 192

In re CHESLEY'S ESTATE.

CHESLEY et al. v. INDUSTRIAL COMMISSION et al.

No. 5635.

Supreme Court of Arizona.

July 15, 1952.

both the company and the deceased were subject to the provisions of the Workmen's Act, and the respondent was the insurance carrier. There is no question but that the injury which was sustained by the deceased, proximately caused his death, and resulted from an accident arising out of and in the course of his employment. The petitioners herein are his father, Jacob Chesley and his mother Ada Chesley both of whom alleged they were partially dependent upon him for support.

On August 22, 1949, some two months subsequent to the death of the decedent, petitioner filed an election of remedy pursuant to section 56–949, A.C.A.1939, and Rule 74 General Rules of the Industrial Commission of Arizona, wherein they elected to sue a third party who purportedly was negligent, but did not name the third party. On the 26th day of October 1949, the petitioners filed an action in the Superior Court of Maricopa County naming as defendant, the employer, Arizona Edison Co., but did not sue any third party. This action was dismissed by the trial court, and on August 31, 1951 (some two years later), the Industrial Commission entered its findings and award denying death benefits. On October 4, 1951, the petitioners filed their dependent's claim for compensation and a petition for a rehearing of the award on August 31, 1951. The award was reaffirmed. Another petition and application for rehearing was filed by petitioners on January 4, 1952 after which the Commission made its final findings and

Wade Church and George Welch, Jr., Phoenix, for petitioners.

H. S. McCluskey, Phoenix, Robert Pickrell and Robert Yount, of counsel, for respondents.

DE CONCINI, Justice.

This is a review by certiorari of an award of the Industrial Commission of Arizona, denying petitioners death benefits for the demise of Kenneth L. Chesley. The pertinent and uncontradicted facts in this appeal are: At the time of his death on June 13, 1949, the decedent was employed by the Arizona Edison Co. in the State of Arizona;

award of January 19, 1952, finding (1) that at the time of decedent's death there were no persons who had filed a formal dependent's claim for compensation within one year from the death of the decedent and therefore petitioners were not entitled to benefits; (2) and that their filing of an action against the Arizona Edison Co. precluded the Commission from making any award to petitioners.

The petitioners appeal to this court for a review of the above two findings, and assign them as error.

Section 56–967, A.C.A.1939, is the section relied on by the Commission in denying petitioners death benefits. It reads in part as follows:

"* * * No application shall be valid or claim thereunder enforceable unless filed within one (1) year after the day upon which the injury occurred or the right thereto accrued."

The first question is, does the filing of an election to sue a third party toll the above statute indefinitely? The answer is "No". Secondly, must a claimant file for compensation within a year even though he elects to sue a third party? Again the answer is no, because his election to sue a third party (under Rule 74, General Rules supra), wherein he reserves the right to rely on the Commission for any deficiency he may suffer, is notice to the Commission that he may in the future file a formal claim with it for the deficiency. Considering that it takes one year or more

to prosecute a claim for negligence through our courts, it is reasonable that a claimant would not have to file a formal claim for compensation with the Commission, because his election of remedies would constitute notice to the Commission of his intention to file for the deficiency when and if that amount is determined. However, we hold that a claimant must file his election of remedies within one year, to comply with the terms of section 56–967 supra. In view of section 29–202, A.C.A.1939, which provides that a suit for personal injuries must be brought within two years from the date of injury, a claimant who fails to bring his suit against the negligent third party under his election within the two-year period will forfeit his right to the compensation as provided in section 56–949, supra, and Rule 74 supra. The prerequisite of claiming compensation beyond the one-year period after the injury has occurred, as prohibited by section 56–967, supra, is the bringing of suit against the negligent third party and establishing the amount, if any, of the deficiency.

In this case, claimants filed their election of remedies within a year, but failed to sue or name the negligent third party. Claimants did file a suit against the deceased's employer, but by no stretch of the imagination can that be considered to take the place of a suit against a third party. Their suit against the employer was without sanction in the law because the deceased had not rejected the Workmen's Compensation Act before injury. When

the claimants finally filed their claim for death benefits, more than two years had elapsed from the date of the death of the deceased.

In view of the fact that petitioners did not file their claim within the statutory period it is unnecessary for us to review the Commission's finding that petitioners waived their rights to compensation by filing suit against the deceased's employer.

Award affirmed.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.